GRAND CENTRAL CADILLAC RENTING CORPORATION, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.*

Municipal Court of New York, Borough of Manhattan, First District, January 28, 1934.

*Murray Riskin*, for the plaintiff.

*Paul Windels, Corporation Counsel* [*Francis X. Hanley* of counsel], for the defendant.

WATSON, J. The motion is denied. With due deference to the decision of the learned Supreme Court in the case of *Club Auto Renting Service, Inc.*, v. *City of New York* (149 Misc. 312), I am unable to follow the ruling laid down in that case.

Section 39 of the Greater New York Charter provides, among other things, that " No money shall be expended for any celebration, procession, funeral ceremony, reception or entertainment of any kind or on any occasion unless by the votes of four-fifths of all the members of the board of aldermen." Plaintiff's claim is founded upon the rental of its automobiles for use in the reception and entertainment of distinguished guests by the mayor's reception committee. It is conceded that the services rendered by plaintiff were not sanctioned by the board of aldermen as required by section 39 of the charter. This provision of the charter was intended, I believe, to prescribe a form of procedure to be followed in instances where obligations of this nature are sought to be imposed upon the city. Without such restriction or limitation, hasty and improvident agreements might easily be made, thereby precipitating the city in unwarranted and unnecessary liability.

* Affd., App. Term, First Dept. June 21, 1934; N. Y. L. J. June 22, 1934.

The fact that the city has, on other occasions, paid claims of a similar nature without dispute, does not bar the right of the city to challenge the validity of such claims where it is shown, as in the instant action, that the services alleged to have been rendered were rendered without the authority prescribed by the aforesaid section of the charter.

If the plaintiff has any claim against the defendant, it is an equitable one, and the same should be asserted in the manner provided for in section 246 of the charter.